■ JOHN SZEMANSCO JR., Respondent, v MARCIA M. SZEMANSCO, Appellant. [744 NYS2d 773] —Carpinello, J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered December 17, 2001 in Saratoga County, which, inter alia, partially granted plaintiff's cross motion to set a visitation schedule.

Pursuant to a 1999 judgment of divorce, the parties were awarded joint legal custody of their two children and defendant was awarded primary physical custody. Shortly thereafter, she moved to Ohio and the children began to reside with plaintiff in the Town of Clifton Park, Saratoga County, so they could continue in the same school. Defendant then returned to the area for a week of visitation each month, maintaining an apartment nearby for that purpose. Alleging that plaintiff had

interfered with her efforts to have meaningful visitation with the children, defendant sought an order establishing her visitation. Plaintiff cross-moved seeking, inter alia, to limit defendant's overnight visitation with the children during the school week. After hearing oral argument from the parties and the Law Guardian, Supreme Court directed that defendant's visitation be limited to alternate weekends and that, if any scheduled weekend visitation is missed, she "forfeit[ ] the following weekend visitation."

Defendant appealed and moved for a stay of the order pending the appeal. The Law Guardian filed papers in support of the motion and a brief which supports defendant's arguments on appeal. This Court granted the motion, stayed the order and set an interim visitation schedule which included defendant's right to visitation for a minimum of 7 days and a maximum of 10 days, uninterrupted, each month. The merits of the appeal are now before us.

We agree with defendant and the Law Guardian that there is no competent evidence in the record to establish that the best interests of the children require the restrictions on defendant's visitation imposed by Supreme Court. Both the need of a child and the right of a noncustodial parent to have meaningful visitation are well established (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 738), and in providing for visitation that will be meaningful, the frequency, regularity and quality of the visits must be considered (*see, Matter of Wright v Wright*, 211 AD2d 341, 346). "[E]xpanded visitation is generally favorable absent proof that such visitation is inimical to a child's welfare" (*Colley v Colley*, 200 AD2d 839, 841) and there are cases where extended but less frequent visits will be more conducive to meaningful visitation by providing the opportunity for the child and the noncustodial parent to interact in a normalized domestic setting (*see, Matter of Tropea v Tropea, supra* at 738). In light of these general principles, and considering the distance that defendant must travel to exercise her visitation, as well as the pattern of prior visitation and the absence of any competent proof that extended visitation is inimical to the children's welfare, we conclude that the more liberal temporary visitation schedule embodied in this Court's order granting a stay pending the appeal represents the type of visitation which the children need and to which defendant is entitled. Therefore, the matter shall be remitted to Supreme Court for the imposition of a visitation schedule consistent with the terms of this Court's temporary order (*see, Cardia v Cardia*, 203 AD2d 650, 652).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the, facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.