■ In the Matter of MICHAEL CARAVELLA, Respondent, v KELLY ANN TOALE, Appellant. [911 NYS2d 162]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), dated August 19, 2009, as, after a hearing, granted the father's petition to modify a prior order of the same court dated August 8, 2007, so as to award him sole legal and physical custody of the subject children with visitation to her.

Ordered that the order dated August 19, 2009, is affirmed insofar as appealed from, without costs or disbursements.

"To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (*Matter of Jones v Leppert*, 75 AD3d 552, 553 [2010]; *see Matter of Fallarino v Ayala,* 41 AD3d 714 [2007]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]).

Here, the Family Court's determination that there had been a change in circumstances since the issuance of an order dated August 8, 2007, and that it was in the children's best interests to award sole custody to the father, is supported by a sound and substantial basis in the record. The evidence presented at the hearing established, among other things, that the mother interfered with the father's visitation rights (*see Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]), and failed to ensure that the children attended school on time as required by the order dated August 8, 2007. Additionally, the record supports the Family Court's determination that the father is more likely to foster a relationship between the children and the noncustodial parent (*see Cuccurullo v Cuccurullo,* 21 AD3d 983, 984 [2005]). Moreover, the Family Court's determination was consistent with the recommendation of the court-appointed forensic evaluator, and the position of the attorney for the children, which are entitled to some weight (*see Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]).

Contrary to the mother's contention, the Family Court considered the appropriate factors in determining, in effect, that it was in the children's best interests to relocate to Califor-

nia, where the father lives (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]).

Accordingly, the Family Court's determination to award sole legal and physical custody of the parties' children to the father will not be disturbed. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.