■ In the Matter of JOSEPH ENGLESE, Respondent, v KIMBERLY STRAUSS, Appellant. [920 NYS2d 365]—

In related custody proceedings pursuant to Family Court article 6, the mother appeals (1), as limited by her brief, from an order of the Family Court, Orange County (Kiedaisch, J.), entered June 28, 2010, which, after a hearing, granted the father's petition to modify an amended order of the same court entered November 20, 2008, so as to award him sole custody of the parties' two children and to permit him to relocate with the children to North Carolina, and (2) from an amended order of the same court entered November 20, 2008, which, inter alia, barred her fiancé from being present during her visitation with the children, and (3) from an order of the same court dated July 23, 2010, wherein the court set forth its reasons for declining to sign an order to show cause.

Ordered that the appeal from the amended order entered November 20, 2008, is dismissed, as the amended order was superseded by the order entered June 28, 2010; and it is further,

Ordered that the appeal from the order dated July 23, 2010, is dismissed; and it is further,

Ordered that the order entered June 28, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that the father is awarded one bill of costs, payable by the mother.

The parties, who were divorced in 2001, have two sons, ages 13 and 16, respectively. Pursuant to a stipulation between the parties, incorporated, but not merged, into their judgment of divorce, the parties were awarded joint legal and physical custody of the children.

Pursuant to an order dated October 15, 2007, entered upon the stipulation of the parties in open court on September 25, 2007, the parties retained joint legal custody of the children. The father was awarded physical custody, and the mother was awarded visitation with both children on alternate weekends, and mid-week visitation with the younger child. An amended order, entered November 20, 2008, further provided that the mother's fiancé "shall not be present at any time" during visitation.

In 2009, the father filed a petition to modify the amended order entered November 20, 2008, so as to award him sole custody of the parties' two children and to permit him to relocate to North Carolina with the children, on the ground that he had been "given a unique business opportunity in Hempstead, North Carolina" and planned to operate a restaurant there with his parents. He further alleged that the mother now resided with her fiancé, and was estranged from the older son. In support of his claim of "[e]conomic necessity," the father stated that he married a woman who had three children from her prior marriage, had one child in common with his current wife, and was the sole support of his family.

After a hearing, the Family Court in an order entered June 28, 2010, inter alia, granted the father's petition. That order did not bar the mother's fiancé from being present during her visitation with the children. We affirm that order insofar as appealed from.

To modify an existing custody arrangement, there must be a showing of a change in circumstances, and the determination of the Family Court must have a sound and substantial basis in the record (*see Matter of Caravella v Toale*, 78 AD3d 828 [2010], *lv denied* 16 NY3d 706 [2011]). Since the father was seeking permission to relocate, he bore the burden of proof by a preponderance of the evidence (*see Bjornson v Bjornson*, 38 AD3d 816, 816-817 [2007]). We conclude that he met that burden.

In the landmark decision of *Matter of Tropea v Tropea* (87

NY2d 727, 739 [1996]), the Court of Appeals found that "each relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child." Relevant factors include, but are "not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id.* at 740-741). Other factors to consider are the custodial parent's opportunity to improve his or her economic situation, the stabilizing force of a new, postdivorce family, and the feasibility of changing custody to the noncustodial parent (*id.* at 739).

The father established by a preponderance of the evidence that relocation is in the children's best interests. The mother contends that the determination of the Family Court was not based upon a sound and substantial basis in the record because the father failed to establish a change of economic circumstances through documentary evidence. However, testimony was admitted with respect to the father's economic situation, and that testimony was credited by the Family Court. In any event, although economic necessity is a "particularly persuasive ground for permitting the proposed move" (*id.* at 739; *see Matter of Wirth v Wirth*, 56 AD3d 787, 788 [2008]), proof of economic necessity is not mandatory (*see Matter of Vargas v Dixon*, 78 AD3d 1431 [2010]).

Permitting the children to relocate with their father would strengthen the postdivorce family formed by the father. The prospects of a strong postdivorce family with the mother, on the other hand, were limited, in view of the mother's plans to marry her fiancé, since the older child is estranged from the mother and her fiancé.

Further, the determination of the Family Court was consistent with the recommendations of the court-appointed forensic evaluator and the Attorney for the Children, which are entitled to some weight (*see Matter of Caravella v Toale*, 78 AD3d 828 [2010]), unless contradicted by the record (*see Matter of Ciccone v Ciccone*, 74 AD3d 1337, 1338 [2010]). Here, those recommendations were not contradicted by the record.

The appeal from the order dated July 23, 2010, wherein the Family Court set forth its reasons for declining to sign an order to show cause, must be dismissed, as the order is not appealable as of right, and we decline to grant leave to appeal (*see* CPLR 5701).

The mother's remaining contentions are without merit. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.