■ In the Matter of M. MONTELLE HARDING, Respondent, v WILLIAM D. HARDING, Appellant. [923 NYS2d 851]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals (1) from a decision of the Family Court, Dutchess County (Posner, J.), dated March 5, 2010, made after a hearing, and (2), as limited by his brief, from so much of an order of the same court, also dated March 5, 2010, as, upon the decision, granted that branch of the mother's petition which was for permission to relocate with the subject child to North Carolina.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"To modify an existing custody arrangement, there must be a showing of a change in circumstances, and the determination of the Family Court must have a sound and substantial basis in the record" (*Matter of Englese v Strauss*, 83 AD3d 705, 706 [2011]; *see Matter of Caravella v Toale*, 78 AD3d 828 [2010]). Since the mother was seeking permission to relocate, she bore the burden of proof by a preponderance of the evidence (*see Matter of Englese v Strauss*, 83 AD3d 705 [2011]; *Bjornson v Bjornson*, 38 AD3d 816, 816-817 [2007]). " 'When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child' " (*Matter of Garcia v Becerra*, 68 AD3d 864, 865 [2009], quoting *Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Said v Said*, 61 AD3d 879, 881 [2009]). Moreover, "[s]ince the Family Court's . . . determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Giraldo v Gomez*, 49 AD3d at 645 [internal quotation marks omitted]; *see Matter of Grossman v Grossman*, 5 AD3d 486, 486-487 [2004]).

Here, the Family Court, upon weighing the appropriate factors set forth in *Matter of Tropea v Tropea* (87 NY2d at 740-741), properly determined that the mother established by a preponderance of the evidence that her relocation with the child to North Carolina was in the child's best interests (*see Matter of Englese v Strauss*, 83 AD3d 705 [2011]; *Matter of Garcia v Becerra*, 68 AD3d at 865). Contrary to the father's contention, the Family Court's determination does not lack a sound and substantial basis in the record. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.