■ In the Matter of RICHARD SHAW, Respondent, v JAYE MILLER, Appellant. [938 NYS2d 107]—

The Family Court did not err in granting the father's petition to modify a prior order of custody and visitation. The father established by a preponderance of the evidence that the relocation to Virginia was in the subject child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Matter of Harding v Harding*, 84 AD3d 1086 [2011]; *Matter of Englese v Strauss*, 83 AD3d 705 [2011]; *Bjornson v Bjornson*, 38 AD3d 816 [2007]). The father established that the relocation to Virginia was economically necessary, that the child's life will be enhanced emotionally and educationally by the move, that the move will not have a negative impact on the quality of the child's future contact with the mother, and that it was feasible to preserve the relationship between the mother and child through suitable visitation arrangements (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Hamed v Hamed*, 88 AD3d 791 [2011]; *Matter of Jennings v Yillah-Chow*, 84 AD3d 1376 [2011]; *Matter of Englese v Strauss*, 83 AD3d 705 [2011]). The Family Court's determination to allow the father to relocate to Virginia with the child was in accordance with both the child's stated preference and the position of the attorney for the child (*see Matter of Fegadel v Anderson*, 40 AD3d 1091 [2007]).

Although the new visitation schedule imposed by the order appealed from will have an impact upon the mother's ability to spend time with the child on weekends, this liberal visitation schedule, which includes extended visits during the child's summer and school vacations, will allow for the continuation of a meaningful relationship between the mother and child (*see Matter of Jennings v Yillah-Chow*, 84 AD3d 1376 [2011]; *Matter of Clarke v Boertlein*, 82 AD3d 976 [2011]). The Court of Appeals determined in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]), that there are many cases where less frequent, but more extended visits over summers and school vacations would be equally conducive, or perhaps even more conducive, to the maintenance of a close parent-child relationship, since such extended visits give the parties the opportunity to interact in a normal-

ized domestic setting (*id.* at 738; *see Matter of Parish A. v Jamie T.*, 49 AD3d 1322 [2008]; *Szemansco v Szemansco*, 296 AD2d 686 [2002]). Here, given the evidence that much of the visitation time under the prior order of custody and visitation was taken up by travel, and that the stress of frequent travel adversely affected the quality of the child's visits with the mother, this is a case where less frequent, but extended visits as imposed by the order appealed from would be conducive to the maintenance of the relationship between the mother and child. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.