■ In the Matter of BROOKE SWEETSER, Respondent, v TIMOTHY M. WILLIS, Appellant. [937 NYS2d 322]—

"To modify an existing custody arrangement, there must be a showing of a change in circumstances" (*Matter of Englese v Strauss*, 83 AD3d 705, 706 [2011]; *see Matter of Harding v Harding*, 84 AD3d 1086, 1086 [2011]). Since the mother was seeking permission to relocate, she bore the burden of proof by a preponderance of the evidence (*see Matter of Harding v Harding*, 84 AD3d at 1086; *Matter of Englese v Strauss*, 83 AD3d at 706). A custodial parent's request to relocate "must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *see Matter of Harding v Harding*, 84 AD3d at 1086). Moreover, "[s]ince the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not

be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *see Matter of Harding v Harding*, 84 AD3d at 1086).

Here, the mother established by a preponderance of the evidence that there was a change in circumstances and that her relocation with the children to Southampton, New York, 55 miles from their current residence in Huntington, New York, was in the children's best interests (*see Matter of Tropea v Tropea*, 87 NY2d at 739; *Matter of Harding v Harding*, 84 AD3d at 1086; *see also Matter of Mooney v Ferone*, 34 AD3d 679, 680 [2006]; *cf. Schwartz v Schwartz*, 70 AD3d 923, 923-925 [2010]; *Matter of Friedman v Rome*, 46 AD3d 682, 683 [2007]). Contrary to the father's contention, the Family Court's determination does not lack a sound and substantial basis in the record.

The father's remaining contention is without merit. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.