■ In the Matter of GIL SAHAGUN, JR., Appellant, v CATHER-INE ALIX, Respondent. [966 NYS2d 512]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated February 21, 2012, which, after a hearing, granted that branch of the mother's petition which was for leave to relocate with the party's child to New Jersey.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the contention of the father, the mother established by a preponderance of the evidence that relocation to New Jersey was in the best interests of the parties' child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). " 'When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child' " (*Matter of Garcia v Becerra*, 68 AD3d 864, 865 [2009], quoting *Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Tropea v Tropea*, 87 NY2d at 739; *Matter of Said v Said*, 61 AD3d 879, 881 [2009]). To the extent that a "custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents" (*Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *see Matter of Grossman v Grossman*, 5 AD3d 486, 486-487 [2004]), "its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Venette v Rhodes*, 301 AD2d 608, 608 [2003]; *see Matter of Garcia v Becerra*, 68 AD3d at 865). However, "[i]n relocation determinations, [this Court's] authority is as broad as that of the hearing court" (*Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]) and the hearing court's determination will not stand in the absence of a sound and substantial basis in the record (*see Matter of McBryde v Bodden*, 91 AD3d 781, 782 [2012]).

"[E]conomic necessity . . . may present a particularly persuasive ground for permitting the proposed move" (*Matter of Tropea v Tropea*, 87 NY2d at 739; *see Matter of Wirth v Wirth*, 56 AD3d 787, 787 [2008]; *Miller v Pipia*, 297 AD2d 362, 366 [2002]; *Matter of Malandro v Lido*, 229 AD2d 541, 542 [1996]). Here, the mother demonstrated that she was not able to meet her living expenses while residing in Queens, and the father conceded that he did not regularly pay his share of the childcare

expenses. The mother also demonstrated that, if she were permitted to relocate, her mother would assist with the childcare and that she and the child would be able to reside, at a reduced rent, in her mother's home, located only blocks from where the child would attend school. While the father's loss of weekly weekday contact with the child is neither trivial nor insignificant (*see Matter of Wisloh-Silverman v Dono*, 39 AD3d 555, 557 [2007]), the relocation is not a great distance and the visitation schedule devised by the court in this case allows for the continuation of a meaningful relationship between the father and the child (*see Matter of Tropea v Tropea*, 87 NY2d at 742; *Matter of Wisloh-Silverman v Dono*, 39 AD3d at 557; *Matter of Mooney v Ferone*, 34 AD3d 679 [2006]; *Thomas v Thomas*, 271 AD2d 726, 727 [2000]). Further, the Family Court's determination was in accordance with both the child's stated preference and the position of the attorney for the child (*see Matter of Shaw v Miller*, 91 AD3d 879 [2012]; *Matter of Fegadel v Anderson*, 40 AD3d 1091 [2007]). Since the Family Court's determination had a sound and substantial basis in the record, it should not be disturbed (*see Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *Matter of Coulter v Scales*, 20 AD3d 475 [2005]). Dillon, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.