■ MELVINA LECAROS, Respondent, v FELIPE LECAROS, Appellant. [7 NYS3d 490]—

Appeal from an order of the Supreme Court, Westchester County (Janet Malone, J.), dated August 8, 2014. The order denied, without a hearing, that branch of the defendant's motion which was to enjoin the plaintiff from relocating with the parties' children to London, England.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings to establish an appropriate post-relocation visitation schedule for the defendant.

The plaintiff (hereinafter the mother) and the defendant (hereinafter the father) were married and had three children together. In July 2011, the mother commenced this matrimonial action. The parties were divorced by a judgment of the Supreme Court, Westchester County, dated May 10, 2012, which incorporated, but did not merge with, a stipulation of settlement between the parties (hereinafter the stipulation). Pursuant to the stipulation, the parties shared joint legal custody of the children, with physical custody to the mother and liberal visitation to the father. In May 2014, the father moved, among other things, to enjoin the mother from relocating with the children to London, England. The Supreme Court denied that branch of the father's motion and stated that the father should have a post-relocation visitation schedule. However, it did not establish such a schedule.

The record provides a sound and substantial basis for the Supreme Court's determination denying that branch of the father's motion which was to enjoin the mother from relocating with the children to London (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739-741 [1996]; *Matter of Grasso v Grasso*, 51 AD3d 920, 920-921 [2008]; cf. *Scannevin v Scannevin*, 51 AD3d 901, 902 [2008]). The mother established by a preponderance of the evidence that the relocation to London was in the children's best interests. She demonstrated that the move was economically necessary, that the children's lives will be enhanced emotionally and educationally by the relocation, that the move

will not have a negative impact on the quality of the children's future contact with the father, and that it was feasible to preserve the relationship between the father and the children through a suitable visitation schedule (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Shaw v Miller*, 91 AD3d 879, 880 [2012]). Although the mother's relocation will have an impact on the father's ability to spend time with the children, a liberal visitation schedule, including extended visits during the summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the children (*see Matter of Hall v Hall*, 118 AD3d 879, 881-882 [2014]; *Matter of Shaw v Miller*, 91 AD3d at 880; *Matter of Alaire K.G. v Anthony P.G.*, 86 AD3d 216, 221-222 [2011]). Additionally, the Supreme Court's determination denying that branch of the father's motion which was to enjoin the relocation of the children to London was in accordance with both the children's stated preference and the position of the attorney for the children (*see Matter of Shaw v Miller*, 91 AD3d at 880; *see also Matter of Hall v Hall*, 118 AD3d at 882-883).

Under the circumstances of this case, the Supreme Court possessed adequate relevant information to enable it to make an informed and provident determination, without a hearing, as to whether it was in the children's best interests to relocate with the mother to London (*see Matter of Katz v Shomron*, 116 AD3d 777, 778 [2014]; *see also Matter of Johnson v Alaji*, 74 AD3d 1202, 1203 [2010]). Further, the father's submissions did not contain any factual allegations disputing the relevant facts established by the mother.

The father's contentions concerning the conduct of the attorney for the children and his request for counsel fees are not properly before this Court (*see Matter of Lipton v Lipton*, 98 AD3d 621, 622 [2012]; *Paterno v Carroll*, 75 AD3d 625, 629 [2010]; *see also Matter of Colin R. [Marsha R.]*, 101 AD3d 1430, 1431 [2012]). His remaining contentions are without merit.

Accordingly, we affirm the order appealed from and remit the matter to the Supreme Court, Westchester County, to establish an appropriate post-relocation visitation schedule for the father (*see Matter of Hall v Hall*, 118 AD3d at 883; *Mathie v Mathie*, 65 AD3d 527, 532 [2009]; *Matter of Wirth v Wirth*, 56 AD3d 787, 788-789 [2008]). Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.