■ In the Matter of CATHERINE PACKER, Respondent, v MICHAEL FERRANTE, Appellant. [30 NYS3d 563]—

Appeal from an order of the Family Court, Suffolk County (Timothy P. Mazzei, J.), dated March 27, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior order of custody and visitation of the same court (Barbara Lynaugh, J.) dated January 25, 2007, to permit the mother to relocate with the subject child to Florida and to modify the father's visitation schedule to accommodate the relocation.

Ordered that the order dated March 27, 2015, is affirmed insofar as appealed from, without costs or disbursements.

The parties have one child together. By order dated January 25, 2007, the mother was awarded custody of the child, and the father was awarded visitation. The mother filed a petition in August of 2014 to modify that order to permit her to relocate with the child to Florida, where her family resides, and to modify the father's visitation schedule to accommodate the relocation. After a hearing, the Family Court granted the mother's petition, and set forth a liberal visitation schedule to the father. The father appeals.

The Family Court did not err in granting the mother's petition. The mother established by a preponderance of the evidence that the relocation to Florida was in the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Matter of Hall v Hall*, 118 AD3d 879 [2014]; *Matter of Davis v Ogden*, 109 AD3d 539 [2013]; *Matter of Sahagun v Alix*, 107 AD3d 722 [2013]; *Matter of Shaw v Miller*, 91 AD3d 879 [2012]). The mother demonstrated that the relocation was economically necessary, that the child's life will be enhanced emotionally by the move, and that it was feasible to preserve the relationship between the father and the child through suitable visitation arrangements (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Matter of Hall v Hall*, 118 AD3d 879 [2014]; *Matter of Davis v Ogden*, 109 AD3d 539 [2013]; *Matter of Sahagun v Alix*, 107 AD3d 722 [2013]; *Matter of Shaw v Miller*, 91 AD3d 879 [2012]). Although the relocation will have an impact on the father's ability to spend time with the child, the liberal visitation schedule, including extended visits during summer vacations, will allow for the continuation of a meaningful relationship between the father and the child (*see Matter of Yu Chao Tan v Hong Shan Kuang*, 136 AD3d 933 [2016]; *Matter of Hall v Hall*, 118 AD3d 879 [2014]; *Matter of Shaw v Miller*, 91 AD3d 879 [2012]). Accordingly, the Family Court's determination has a sound and substantial basis in the record, and will not be disturbed by this Court.

The father's remaining contention need not be reached in light of our determination. Balkin, J.P., Dickerson, Miller and Maltese, JJ., concur.