Matter of Mejia v Llarena (2019 NY Slip Op 03341)





Matter of Mejia v Llarena


2019 NY Slip Op 03341


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2018-09148
 (Docket Nos. V-6798-17/18B)

[*1]In the Matter of Jennifer Mejia, respondent,
v
Jorge A. Llarena, appellant. (Proceeding No. 1)
In the Matter of Jorge A. Llarena, appellant,Jennifer Mejia, respondent. (Proceeding No. 2)


Salvatore A. Lecci, Jericho, NY, for appellant.
Theresa A. Spinillo, Merrick, NY, for respondent.
Roberta Fox, Sea Cliff, NY, attorney for the child.



DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated June 8, 2018. The order, insofar as appealed from, after a hearing, and upon awarding the parties joint legal custody of the child, inter alia, awarded primary residential custody of the child to the mother and permitted the mother to relocate with the child to Fort Lee, New Jersey.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married to each other, are the parents of one child, born in 2007. They lived together until the child was approximately eight months old, after which the mother moved with the child to the home of the child's maternal grandmother in Great Neck. For several years and until the mother commenced one of the subject proceedings, the parties adhered to a parenting time arrangement which they had established. In 2017, the mother, in addition to seeking sole custody of the child, sought to relocate with the child to Fort Lee, New Jersey, with her husband. The father opposed the mother's petition and her petitioned for sole custody of the child. Following a hearing, the Family Court, inter alia, awarded joint legal custody of the child to the mother and father, with the mother having primary residential custody and final decision-making authority on all major decisions regarding the health, welfare, and education of the child should the parents not reach a final agreement, and permitted the mother to relocate with the child to Fort Lee, New Jersey. The father appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Santano v Cezair, 106 AD3d 1097, 1098). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the [*2]child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Elliott v Felder, 69 AD3d 623, 623; see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Supangkat v Torres, 101 AD3d 889, 890).
Since the mother sought permission to relocate in the context of her petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition (see Matter of Tropea v Tropea, 87 NY2d 727) is not required (see Matter of Williams v Bryson, 167 AD3d 1021; Matter of Alvarado v Cordova, 158 AD3d 794). Instead, the mother's relocation is but one factor among many for the Family Court to consider in determining the best interests of the child (see Matter of Alvarado v Cordova, 158 AD3d at 794-795).
We agree with the Family Court's determination awarding the mother primary residential custody of the child, with final decision-making authority on all major decisions regarding the health, welfare, and education of the child should the parents not come to a final agreement, and permitting her to relocate with the child to Fort Lee, New Jersey. There is a sound and substantial basis in the record for the determination based upon the totality of the evidence (see Matter of Dante v Dante, 170 AD3d 829, 831; Matter of Sahagun v Alix, 107 AD3d 722) and the preference of the child as expressed by her attorney which, while not determinative, is a factor to be considered and entitled to some weight (see Hogan v Hogan, 159 AD3d 679, 681).
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court