Matter of Alicea v Fernandez (2019 NY Slip Op 04160)





Matter of Alicea v Fernandez


2019 NY Slip Op 04160


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02671
 (Docket No. V-18638-12/16A)

[*1]In the Matter of Andrea Alicea, respondent,
v
Alberto Fernandez, appellant.


Jennifer Arditi, Maspeth, NY, for appellant.
Steven P. Forbes, Jamaica, NY, for respondent.
Albino J. Testani, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated January 18, 2018. The order, after a hearing, granted the mother's petition for permission to relocate with the parties' child to Florida.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a daughter, born in 2009. In an order dated February 25, 2014, upon the father's failure to appear at a hearing, the Family Court awarded the mother sole legal and physical custody of the child. Thereafter, in an order dated March 12, 2015, entered on consent of the parties, the father was awarded parental access with the child every other weekend. In December 2016, the mother filed a petition for permission to relocate with the child to the State of Florida. The attorney for the child supported the mother's petition for permission to relocate. After a hearing and an in camera interview with the child, the court granted the mother's petition. The father appeals.
A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741; Matter of Ventura v Huggins, 141 AD3d 600, 600). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d at 740). These factors include each parent's reasons for seeking or opposing the move, the quality of the child's relationship with the custodial parent and the noncustodial parent, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the child and the noncustodial parent through alternate parental access arrangements (see id. at 740-741). " In reviewing the Family Court's determination, we accord considerable deference to the court's assessment of the witnesses' demeanor and credibility'" (Matter of Hall v Clas, 144 [*2]AD3d 801, 802, quoting Matter of Ventura v Huggins, 141 AD3d at 601 [internal quotation marks omitted]).
Here, the Family Court's determination granting the mother's petition was supported by a sound and substantial basis in the record (see Matter of Ali v Abrams, 158 AD3d 674, 676; Matter of Packer v Ferrante, 139 AD3d 957, 958). Specifically, the mother showed that the child's life will be enhanced economically and emotionally by the move to Florida and that it is feasible to preserve the child's relationship with the father through alternate parental access arrangements, including regular video conference contact, extended summer vacations, and alternate holiday vacations, which will allow for the continuation of a meaningful relationship between the father and the child (see Matter of Ali v Abrams, 158 AD3d at 675; Matter of Packer v Ferrante, 139 AD3d at 958).
Accordingly, we agree with the Family Court's determination to allow the mother to relocate with the child to Florida.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court