■ In the Matter of JULIANE M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDREW M., Respondent; THERESA M., Appellant. (Proceeding No. 1.) In the Matter of MATTHEW M., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDREW M., Respondent; THERESA M., Appellant. (Proceeding No. 2.) [791 NYS2d 847]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Queens County (Bogacz, J.), dated August 10, 2004, which denied her motion, inter alia, to dismiss the petitions insofar as asserted against her, (2) an order of the same court also dated August 10, 2004, which granted the father's motion, in effect, to vacate a prior decision of the same court dated July 8, 2004, which stayed his relocation of the subject children, and (3) an order of the same court also dated August 10, 2004, which denied her motion, among other things, to hold the father in contempt for violating the decision.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court correctly denied her motion to dismiss the petitions insofar as asserted against her (*see Matter of Jonathan M.,* 306 AD2d 413 [2003]; *cf.* Family Ct Act § 1051 [c]). Furthermore, under the circumstances, the Family Court properly permitted the father

to relocate with the children pending the determination of the proceedings, as the record clearly shows that this was in the children's best interests (*cf.* Family Ct Act § 1011) and the order permitting him to do so was conditioned upon the rights of the mother to visitation and the father providing the transportation therefor.

The Family Court properly denied the mother's motion, among other things, to hold the father in contempt for violating the court's decision dated July 8, 2004, staying his relocation of the children (which decision was vacated on August 10, 2004). The mother failed to discharge her burden of demonstrating with clear and convincing evidence (*see Williams v Williams,* 230 AD2d 916 [1996]) that the father violated the Family Court's stay of relocation and failed to demonstrate that her rights under the decision were prejudiced (*see Dwyer v De La Torre,* 279 AD2d 854 [2001]).

The mother's remaining contentions are without merit. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.