In the Matter of ROBERT HENDERSON, Respondent-Appellant, v LORI SOMES HENDERSON, Appellant-Respondent. [798 NYS2d 128]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Phillips, R.), dated June 23, 2004, as directed that she pay 50% of the child's transportation costs for visits with the father, and the father cross-appeals, as limited by his brief, from so much of the same order as directed that he pay the remaining 50% of such transportation costs.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The New York-domiciled father filed a petition seeking to prevent the mother, who has custody of their child, from relocating from New York to Virginia "in a manner which would substantially interfere" with his rights. The proceeding was settled by an order mandating, inter alia, that the mother could relocate to Virginia subject to a revised visitation schedule, with the parties submitting to the Family Court only the issue of which party would bear the costs of the child's transportation between New York and Virginia. The Family Court directed that the costs be borne equally by the parties. On appeal, both the mother and the father contend that the costs should be borne solely by the other party.

The Family Court providently exercised its discretion in making its determination. Thus, we will not disturb the determination that the transportation costs be borne equally by the parties.

Moreover, contrary to the mother's contention that the doctrine of res judicata barred the father from raising the issue of transportation costs in this proceeding since he did not raise it in the prior divorce action, we note that, at the time of the prior divorce action, the mother resided in New York. She advised the father of her specific intention to move with the child to Virginia subsequent to the entry of the judgment of divorce. Since the instant proceeding addresses new facts (*see Storey v Cello Holdings, L.L.C.,* 347 F3d 370, 383-384 [2003]), namely, the mother's postdivorce relocation to another state warranting air travel by the child to visit the father, the doctrine of res judicata is inapplicable.

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.