■ In the Matter of LYNN E. FEGADEL, Respondent, v JAMES B. ANDERSON, Petitioner. (Proceeding No. 1.) In the Matter of JAMES B. ANDERSON, Appellant, v LYNN E. FEGADEL, Respondent. (Proceeding No. 2.) [836 NYS2d 694]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from (1) stated portions of an order of the Family Court, Orange County (Kiedaisch, J.), entered December 23, 2005, which, after a hear-

ing, inter alia, granted that branch of the mother's petition which was for permission to relocate to the state of Florida with the parties' biological child, Katrina, and (2) so much of an order of the same court, entered January 10, 2006, as denied that branch of his petition which was to hold the mother in contempt of court. The appeal brings up for review so much of an order of the same court entered April 14, 2006, as, upon, in effect, granting reargument, adhered to its original determination in the order entered January 10, 2006, denying that branch of the father's petition which was to hold the mother in contempt (see CPLR 5517 [b]).

Ordered that the order entered December 23, 2005 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered January 10, 2006 is dismissed, without costs or disbursements, as the provision of that order denying that branch of the father's petition which was to hold the mother in contempt of court was superseded by so much of the order entered April 14, 2006, as was, in effect, made upon reargument; and it is further,

Ordered that the order entered April 14, 2006 is affirmed insofar as reviewed, without costs or disbursements.

The parties divorced in 1998. During their marriage, they had one biological child together, a daughter Katrina, who was born on December 3, 1991 and is the only remaining subject of these appeals. The mother also has two elder children, a son Michael, and a daughter Averi, whom the father legally adopted, and who have since reached the age of majority. The judgment of divorce awarded the parties joint custody of the children, with primary physical custody to the mother and visitation to the father.

This appeal concerns the mother's second petition seeking permission to relocate to the state of Florida with Katrina. The mother's first petition, filed in August 1999 in the Family Court, Orange County, and referable to all three children, was denied. The mother appealed and this Court affirmed (see Matter of Fegadel-Anderson v Anderson, 9 AD3d 409 [2004]). However, based upon changed circumstances since the mother's initial petition for permission to relocate, the Family Court granted the mother's second petition, and we affirm.

The Family Court properly weighed the relevant factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]), and determined that the mother's relocation to Florida will serve Katrina's best interests (see Aziz v Aziz, 8 AD3d 596, 597 [2004]; Miller v Pipia, 297 AD2d 362, 365 [2002]). Although

both parties were loving parents, the mother has been Katrina's primary caretaker since the parties' divorce and has established a primary emotional attachment to the child. Although Katrina has extended family in New York, her sister Averi, with whom she has also developed an emotional bond, lives in Florida and Katrina expressly desires to continue that relationship. The mother also cited health and economic reasons in support of her relocation, which although not determinative, are also valid factors to consider in evaluating relocation (*see Matter of Tropea v Tropea, supra* at 739). The Family Court's determination to permit Katrina to reside with her mother was also in accordance with Katrina's preference, as well as the recommendations of the court-appointed forensic evaluator, and took into account the position of the Law Guardian (*see Matter of Turnure v Turnure*, 37 AD3d 727, 728 [2007]).

The Family Court also properly denied the father's petition seeking to hold the mother in contempt of court. The father failed to discharge his burden of demonstrating, by clear and convincing evidence, that the mother violated the Family Court's order denying her initial relocation petition, and he failed to demonstrate that rights secured to him pursuant to that order were prejudiced (*see Matter of Juliane M.*, 17 AD3d 369, 370 [2005]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]; *Dwyer v De La Torre*, 279 AD2d 854, 857 [2001]).

The Family Court providently exercised its discretion in directing that the transportation costs for the father's visitation with Katrina be shared equally by the parties.

The father's contentions regarding the denial of that branch of his motion which was for an award of an attorney's fee is not properly before this Court. The father did not appeal from the order entered April 14, 2006, and the issue is not brought up for review on the appeal from the January 10, 2006 order because the father's petition did not include a request for an attorney's fee (*see* CPLR 5517 [b]).

The father's remaining contentions are without merit. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.