■ In the Matter of DANA ARUTY, Respondent, v PAUL MORMANDO, Appellant. [892 NYS2d 875]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Krauss, J.), dated August 21, 2008, which, after a hearing, granted the mother's petition for sole custody of the parties' child and, in effect, for leave to relocate to the State of Virginia with the child, and denied his cross petition for sole custody of the child.

Ordered that the order is affirmed.

The Family Court's determination that awarding the mother sole custody of the parties' child and permitting her to relocate with the child to the State of Virginia is in the best interests of the child is supported by a sound and substantial basis in the record (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Fegadel v Anderson*, 40 AD3d 1091, 1093 [2007]; *Matter of Zayas v Barr*, 304 AD2d 671, 672 [2003]). The mother demonstrated that the move would enhance the child's life economically, socially, and educationally (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741). Further, the position of the attorney for the child supported the Family Court's determination (*see Matter of Fegadel v Anderson*, 40 AD3d at 1093; *Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]).

While the father's loss of frequent visitation is not insignificant, the visitation schedule provided by the court allows for the continuation of a meaningful relationship between the father and the child (*see Matter of Tropea v Tropea*, 87 NY2d at 742; *Matter of Cooke v Alaimo*, 44 AD3d 655 [2007]).

The father's remaining contention is without merit. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.