Order, Family Court, New York County (Diane Costanzo, Ref.), entered on or about July 7, 2011, which granted petitioner mother’s petition to relocate from Manhattan to Virginia with the parties’ minor child, unanimously affirmed, without costs.
The court’s determination has a sound and substantial basis in the record, and there is no reason to disturb the court’s findings (see Matter of Koegler v Woodard, 96 AD3d 454, 455 [1st Dept 2012]). Indeed, the court considered all of the relevant factors and properly concluded that the proposed relocation would serve the subject child’s best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]). Although the child has a loving relationship with both parties, petitioner has been the child’s primary caregiver and has been responsible for his day-to-day routine. Further, petitioner showed that a move to Virginia would improve the child’s quality of life. In addition, both petitioner and her current husband are committed to fostering a relationship between the child and respondent father (see Sonbuchner v Sonbuchner, 96 AD3d 566, 567 [1st Dept 2012]). *569 Although petitioner’s relocation inevitably will have an impact upon respondent’s ability to spend time with the child, the liberal visitation schedule, including extended visits during the summer and school vacations, will allow for the continuation of a meaningful relationship between respondent and the child (see Matter of Jennings v Yillah-Chow, 84 AD3d 1376, 1377 [2d Dept 2011]; see also Matter of Aruty v Mormando, 70 AD3d 683 [2d Dept 2010]). Concur — Tom, J.P., Saxe, Richter, AbdusSalaam and Feinman, JJ.