■ In the Matter of JULIANNE STRAMEZZI, Appellant, v MICHAEL A. SCOZZARI, Respondent. (Proceeding No. 1.) In the Matter of MICHAEL A. SCOZZARI, Respondent, v JULIANNE STRAMEZZI, Appellant. (Proceeding No. 2.) [964 NYS2d 585]—

In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Nassau County (Stack, J.H.O.), dated December 21, 2011, which, after a hearing, granted the father's petition for sole custody of the subject children and denied her petition for that relief, and (2) an order of the same court dated January 27, 2012, which established a visitation schedule for her.

Ordered that the orders are reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a de novo hearing on the petitions, to be conducted forthwith, and a new determination thereafter in accordance herewith; and it is further,

Ordered that pending the new custody determination, the father shall continue to have custody of the subject children, and the visitation schedule set forth in the order dated January 27, 2012, shall continue.

The essential consideration in making an award of custody or visitation "is the best interests of the child, under the totality of the circumstances" (*Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). "Generally, the determination of a custody issue can only be resolved after a full and comprehensive hearing, and a careful analysis of the applicable factors to be considered in determining what custody arrangement will further the child's best interests" (*Matter of Nalty v Kong*, 59 AD3d 723, 724 [2009]). A court deciding an initial petition for child custody must consider "the totality of the circumstances, including, but not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *see Matter of Blakeney v Blakeney*, 99 AD3d 898, 898 [2012]; *Craig v Williams-Craig*, 61 AD3d 712, 712 [2009]; *Matter of Roldan v Nieves*, 51 AD3d 803, 805 [2008]; *Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]). In addition, the disruption of relationships between siblings should be avoided in the absence of an " 'overwhelming need to do so' " (*Matter of Crowder v Austin*, 90 AD3d 753, 754 [2011], quoting *Matter of Chery v Richardson*, 88 AD3d 788, 789 [2011]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Brown v Brown*, 97 AD3d 568, 570 [2012]).

Here, the Family Court awarded custody of the children to the father without interviewing the children in camera. Under the particular circumstances of this case, in the absence of in camera interviews, the record is insufficient to allow us to make a fully informed determination as to what custody arrangement would be in the children's best interests (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 273-274 [1969]; *Matter of Oddo v Collins*, 100 AD3d 1512 [2012]). In camera interviews will aid in determining the proper custody arrangement in this case because the children are old enough to provide insight as to their interaction with each parent, and the impact of separating them from their older half-brother, who resides with the mother and with whom they have a close relationship. In addition, the children's preference, while not determinative, may also be indicative of the children's best interests (*see Matter of Chery v Richardson*, 88 AD3d at 789).

Accordingly, we remit the matter to the Family Court, Nassau County, for a de novo hearing on the petitions. At the de novo hearing, the Family Court shall conduct in camera interviews with the subject children as well as consider all additional evidence relevant to the issues of custody and visitation. The de novo hearing shall be conducted forthwith, and it shall continue on a day-to-day basis, to the extent scheduling allows, until completed. We take no position as to what the new determination should be.

In light of our determination, we do not consider the mother's remaining contentions. Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.