■ In the Matter of JOHANNA ESTEVEZ, Respondent, v EMANUEL PEREZ, Appellant. [998 NYS2d 413]—

Appeal from an order of the Family Court, Suffolk County (Linda M. Boggio, Ct. Atty. Ref.), dated August 30, 2013. The order, after a hearing, granted the mother's petition to modify a

prior order of custody of that court so as to award residential custody of the subject children to the mother and to grant the mother's request to relocate with the children.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court was not bound to adhere to its prior order dated July 6, 2012, in rendering its determination here. "Generally, child custody and visitation orders are not entitled to res judicata effect, as [such orders] are subject to modification," based upon a showing of changed circumstances (*Matter of Kevin Z. [Carmella AA.—Edward Z.]*, 105 AD3d 1269, 1270 [2013]; *see Sequeira v Sequeira*, 105 AD3d 504, 505 [2013]; *see also Matter of Henderson v Henderson*, 20 AD3d 421 [2005]). To modify an existing custody order, there must be a showing of a change in circumstances such that modification is necessary to ensure the continued best interests of the child (*see Matter of Dezil v Garlick*, 114 AD3d 773 [2014]; *Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 790 [2010]), under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]).

In determining whether relocation is appropriate, each "request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *see Matter of Caruso v Cruz*, 114 AD3d 769, 771-772 [2014]). The relevant factors include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and both parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Hall v Hall*, 118 AD3d 879, 880-881 [2014]; *see Matter of Tropea v Tropea*, 87 NY2d at 739-740).

Here, sound and substantial evidence supported the Family Court's determination that changed circumstances justified the grant to the mother of residential custody and permission to relocate with the children, and that such modification is in the best interests of the children (*see Matter of Hall v Hall*, 118 AD3d at 882-883; *Matter of Davis v Ogden*, 109 AD3d 539 [2013]). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.