In the Matter of Qaim A. Rizvi, Appellant, v Monica H. Shah, Respondent. (Proceeding No. 1.) In the Matter of Monica H. Shah, Respondent, v Qaim A. Rizvi, Appellant. (Proceeding No. 2.) [6 NYS3d 139]—

Appeal from an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated August 28, 2013. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was to relocate with the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1998 and they have three children together. The parties separated in 2009, and in 2012, the mother filed a petition seeking, inter alia, permission to relocate with the subject children to India. After a hearing, the Family Court, among other things, granted that branch of the mother's petition which was to relocate with the subject children to India. The father appeals from that portion of the order.

"In determining whether relocation is appropriate, each 'request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child' " (*Matter of*

*Estevez v Perez*, 123 AD3d 707, 708 [2014], quoting *Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and both parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Hall v Hall*, 118 AD3d 879, 880-881 [2014]; *see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Estevez v Perez*, 123 AD3d at 708).

Here, sound and substantial evidence supported the Family Court's determination to grant the mother permission to relocate with the children, and that such relocation is in the best interests of the children (*see Matter of Estevez v Perez*, 123 AD3d at 708; *Matter of Hall v Hall*, 118 AD3d at 880-883; *Matter of Ortiz v Ortiz*, 118 AD3d 800 [2014]).

The father's remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.