■ In the Matter of ANGELA CEBALLOS, Appellant, v WILLIAM LEON III, Respondent. (Proceeding No. 1.) In the Matter of WILLIAM LEON III, Respondent, v ANGELA CEBALLOS, Appellant. (Proceeding No. 2.) [21 NYS3d 353]—

Appeal from an order of the Family Court, Nassau County (Patricia A. Harrington, J.), dated June 24, 2014. The order, insofar as appealed from, after a hearing, in effect, denied the mother's petition to relocate with the subject child to Florida, and granted that branch of the father's cross petition which was for sole residential custody of the child.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition to relocate to Florida with the parties' child is granted, that branch of the father's cross petition which was for sole residential custody of the child is denied, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.

The parties were married in 2003 and divorced in 2008. They had one child together, a daughter who was born in 2003. The mother, who was moving to Florida, filed a petition in Family Court seeking leave to relocate to Florida with the parties' child, and the father cross-petitioned, inter alia, for sole residential custody of the child. By order dated September 19, 2013, the Family Court granted temporary residential custody of the child to the father. After a hearing, the Family Court, by order dated June 24, 2014, denied the mother's petition and granted the branch of the father's cross petition which was for sole residential custody of the child. The mother appeals.

When reviewing a custodial parent's request to relocate, each "request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of*

*Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *see Matter of Rizvi v Shah*, 126 AD3d 984, 984 [2015]; *Matter of Estevez v Perez*, 123 AD3d 707, 708 [2014]). "The relevant factors include 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and both parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements' " (*Matter of Estevez v Perez*, 123 AD3d at 708, quoting *Matter of Hall v Hall*, 118 AD3d 879, 880-881 [2014]). In relocation proceedings, the authority of this Court is as broad as that of the hearing court, and a relocation determination will not stand if it is not supported by a sound and substantial basis in the record (*see Matter of Doyle v Debe*, 120 AD3d 676, 680 [2014]; *Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]).

Here, the Family Court's determination that the child's best interests would not be served by the relocation to Florida is not supported by a sound and substantial basis in the record. Although both parties were loving parents, the mother had been the child's primary caretaker for all but one year of the child's life, and the child was 11 years old at the time of the hearing (*see Matter of Hall v Hall*, 118 AD3d at 883). The record indicates that the child has established a primary emotional attachment to the mother (*see Matter of Fegadel v Anderson*, 40 AD3d 1091, 1093 [2007]), and that the child's emotional well-being suffered after she was removed from the mother's care. Furthermore, the child repeatedly expressed that she wished to relocate to Florida with her mother. While a child's preference is not determinative, it is some indication of what is in the child's best interests, particularly where, as here, the court's interviews with the child demonstrate the child's level of maturity and ability to articulate her preferences (*see Matter of Hall v Hall*, 118 AD3d at 882-883; *Matter of Winston v Gates*, 64 AD3d 815, 818-819 [2009]). Moreover, the child's relationship with her half-sibling, who resides in Florida, will be disrupted if she remains in the father's care, and the record indicates that the child and her half-sibling have developed an emotional bond (*see Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 831 [2013]; *Matter of Fegadel v Anderson*, 40 AD3d at 1093).

The record also supports a finding that the denial of the

mother's petition to relocate and an award of sole residential custody to the father will have a potentially negative impact on the child's relationship with her mother. Although the mother's relocation will inevitably have an impact upon the father's ability to spend time with the child, a liberal visitation schedule, including extended visits during summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the child (*see Matter of Tropea v Tropea*, 87 NY2d at 742; *Matter of Tracy A.G. v Undine J.*, 105 AD3d 1046, 1048 [2013]).

Upon weighing the relevant factors, we find that the mother established that the best interests of the subject child would be served by permitting the relocation. Accordingly, the Family Court should have granted the mother's petition to relocate with the child to Florida. Furthermore, the Family Court should have denied that branch of the father's cross petition which was for sole residential custody of the child. In light of our determination, we remit the matter to the Family Court, Nassau County, to establish an appropriate post-relocation visitation schedule for the father (*see Matter of Hall v Hall*, 118 AD3d at 883). As a final matter, we note that our determination is based on the current record before this Court. Should there be a change of circumstance in the future, either party may, at that point, petition to modify the custodial arrangement (*see Matter of Hirtz v Hirtz*, 108 AD3d 712, 715 [2013]). Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.