■ In the Matter of Yu Chao Tan, Respondent, v Hong Shan Kuang, Appellant. Emily T. et al., Nonparty Appellants. (Proceeding No. 1.) In the Matter of Hong Shan Kuang, Appellant, v Yu Chao Tan, Respondent. Emily T. et al., Nonparty Appellants. (Proceeding No. 2.) [25 NYS3d 339]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated October 6, 2014. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's amended cross petition which was to relocate with the subject children to California.

Ordered that the order is reversed insofar as appealed from,

on the facts and in the exercise of discretion, without costs or disbursements, that branch of the mother's amended cross petition which was to relocate with the subject children to California is granted, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The parties were married in 2004. They have two daughters together, born in 2006 and 2009. From 2006 to 2011, the parties lived in California. In 2011, they moved to New York, but separated shortly thereafter. The father petitioned for custody and the mother cross-petitioned for custody. The mother later amended her cross petition to seek permission to relocate with the children to California. The Family Court granted the mother custody of the children. However, it also, in effect, denied that branch of the mother's amended cross petition which was to relocate with the children to California.

In determining issues of custody and visitation, the most important factor to be considered is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). "Generally, the determination of a custody issue can only be resolved after a full and comprehensive hearing, and a careful analysis of the applicable factors to be considered in determining what custody arrangement will further the child's best interests" (Matter of Savoca v Bellofatto, 104 AD3d 695, 696 [2013] [internal quotation marks omitted]). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Kreischer v Perry, 83 AD3d 841, 841 [2011], citing Eschbach v Eschbach, 56 NY2d at 171-172).

In the context of an initial custody determination, the strict application of the factors relevant to relocation petitions (see Matter of Tropea v Tropea, 87 NY2d 727 [1996]) is not required (see Matter of Wood v Rago, 135 AD3d 949 [2d Dept 2016]; Matter of Wright v Stewart, 131 AD3d 1256, 1257 [2015]; Matter of Sims v Boykin, 130 AD3d 835, 836 [2015]; Matter of Santano v Cezair, 106 AD3d 1097, 1098 [2013]). Instead, the proposed relocation is but one factor for the Family Court to consider in determining what is in the children's best interests (see Matter of Wright v Stewart, 131 AD3d at 1257). The author-

ity of this Court is as broad as that of the hearing court, and a relocation determination will not stand if it is not supported by a sound and substantial basis in the record (*see Matter of Ceballos v Leon*, 134 AD3d 931 [2015]; *Matter of DeCillis v DeCillis*, 128 AD3d 818, 820 [2015]).

Here, the Family Court's determination that the best interests of the children would be served by an award of custody to the mother was supported by a sound and substantial basis in the record and will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Wallace v Roberts*, 105 AD3d 1053 [2013]). The mother has been the children's primary caretaker and has been actively involved in their education and daily lives. The mother is in the best position to provide for the children's emotional and intellectual development.

However, the Family Court's determination that the children's best interests would not be served by the relocation to California is not supported by a sound and substantial basis in the record. The mother established that the relocation would provide an opportunity to improve her and the children's economic situation. The mother has expressed a willingness to facilitate visitation and contact between the father and the children. Further, although the relocation will have an impact on the father's ability to spend time with the children, a liberal visitation schedule, including extended visits during the summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the children (*see Lecaros v Lecaros*, 127 AD3d 1037, 1038 [2015]; *Matter of Hall v Hall*, 118 AD3d 879, 881-882 [2014]). Under the totality of the circumstances, the hearing testimony established that the children's best interests would be served by permitting the mother to relocate with the children to California.

Accordingly, the Family Court should have granted that branch of the mother's amended cross petition which was to relocate with the children to California. In light of our determination, we remit the matter to the Family Court, Kings County, to establish an appropriate post-relocation visitation schedule for the father (*see Matter of Ceballos v Leon*, 134 AD3d at 931; *Matter of Hall v Hall*, 118 AD3d at 883). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.