In the Matter of JEANNE A. TURVIN, Appellant, v EDWARD JOSEPH D'AGOSTINO, Respondent. (Proceeding No. 1.) In the Matter of EDWARD JOSEPH D'AGOSTINO, Respondent, v JEANNE A. TURVIN, Appellant. (Proceeding No. 2.) [58 NYS3d 155]—

Appeals by the mother from two orders of the Family Court, Nassau County (Ellen R. Greenberg, J.), both dated June 30, 2016. The first order, after a hearing, in effect, denied the mother's amended petition for permission to relocate with the parties' child to Middletown, New York. The second order granted that branch of the father's cross petition which was to modify a prior order of custody and visitation of that court dated November 18, 2003, so as to award him custody of the parties' child.

Ordered that the orders are reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's amended petition for permission to relocate with the parties' child to Middletown, New York, is granted, that branch of the father's cross petition which was to modify a prior order of custody and visitation dated November 18, 2003, so as to award him custody of the parties' child is denied, and the matter is remitted to the Family Court, Nassau County, to establish an appropriate visitation schedule for the father.

To modify an existing custody order, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Dezil v Garlick*, 114 AD3d 773, 773 [2014]; *Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 983 [2012]; *Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 791 [2010]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]). Factors to be considered in determining issues of custody "include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability

of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Kreischer v Perry*, 83 AD3d 841, 841 [2011]; *see Eschbach v Eschbach*, 56 NY2d at 172-173; *Matter of Yu Chao Tan v Hong Shan Kuang*, 136 AD3d 933, 934 [2016]). While not necessarily determinative, the child's expressed preference is some indication of what is in his or her best interests and, in weighing that factor, a court must consider the age and maturity of the child (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Ceballos v Leon*, 134 AD3d 931, 932 [2015]; *Matter of Hall v Hall*, 118 AD3d 879, 882-883 [2014]).

A custodial parent's request to relocate "must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). The relevant factors to be considered include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id.* at 740-741).

In matters related to custody and relocation, the authority of this Court is as broad as that of the hearing court, and the hearing court's determination will not stand if it is not supported by a sound and substantial basis in the record (*see Matter of Ceballos v Leon*, 134 AD3d at 932; *Matter of Doyle v Debe*, 120 AD3d 676, 680 [2014]; *Matter of Cortez v Cortez*, 111 AD3d 717, 717 [2013]).

Here, the Family Court's determination that the child's best interests would not be served by relocating with the mother to Middletown, New York, and would be served by transferring custody to the father is not supported by a sound and substantial basis in the record.

The record establishes, inter alia, that although both parties are loving and fit parents, the mother has been the child's primary caretaker for all but less than one year of the child's life, the child was 15 years old at the time of the hearing, the child

has established a primary emotional attachment to the mother and expressed that she wished to relocate to Middletown with the mother and the mother's three younger children, and that the mother's and child's life may be enhanced economically by the move to Middletown.

Although the mother's relocation will have an impact upon the father's ability to spend time with the child, the record establishes that the father's contact with the child throughout her life has been inconsistent, that Middletown is only 1½ to 2 hours from the father's residence, and that a liberal visitation schedule will allow for the continuation of a meaningful relationship between the father and the child, as well as between the child and the father's younger children.

Upon weighing the relevant factors, we find that the mother established that the best interests of the child would be served by permitting relocation to Middletown and that the father failed to establish that a change of custody was in the child's best interests (*see Matter of Yu Chao Tan v Hong Shan Kuang*, 136 AD3d at 935; *Matter of Ceballos v Leon*, 134 AD3d at 932; *Matter of Hall v Hall*, 118 AD3d at 881-883).

Accordingly, the Family ·Court should have granted the mother's amended petition for permission to relocate with the parties' child to Middletown, and denied that branch of the father's cross petition which was to modify the prior order of custody and visitation dated November 18, 2003, so as to award him custody of the child. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.