Appeal by the father from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated November 4, 2016. The order, after a hearing, denied the father’s petition for permission to relocate to Pennsylvania with the parties’ child.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The parties have one child together. The father, who has sole custody, resides in Queens, while the mother, who has visitation with the child on alternating weekends, resides in Manhattan. In 2016, the father filed a petition for permission to relocate with the child to Pennsylvania. After a hearing, the Family Court denied the father’s petition, and the father appeals.
 

 A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child’s best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]; Matter of Caruso v Cruz, 114 AD3d 769, 771 [2014]). Although the parents’ rights are significant, the child’s needs and rights “must be accorded the greatest weight,” and, moreover, the effect of the relocation on the noncustodial parent’s relationship with the children “will remain a central concern” (Matter of Tropea v Tropea, 87 NY2d at 739; see DeFilippis v DeFilippis, 146 AD3d 750, 751 [2017]).
 

 Here, in determining the father’s petition, the Family Court considered and gave appropriate weight to all of the relevant factors (see Matter of Tropea v Tropea, 87 NY2d at 740-741), including the potential impact on the quantity and quality of the mother’s visitation if the child were to relocate to a part of Pennsylvania that is an approximate three-hour drive from the mother’s residence. The court also considered, inter alia, the degree to which the father’s and the child’s lives might be enhanced economically, emotionally, and educationally by the move (see id,.). As to that factor, the father offered only his opinion as to the quality of the schools in Pennsylvania as opposed to those in the father’s current neighborhood; unsubstantiated, vague testimony about an employment opportunity in Pennsylvania; and no testimony regarding his efforts to locate similar employment in New York.
 

 Under these circumstances, the Family Court’s determination that the father failed to establish that relocating from Queens to Pennsylvania would be in the best interests of the child had a sound and substantial basis in the record (see Matter of McGinn v DeVivo, 154 AD3d 852 [2017]; DeFilippis v DeFilippis, 146 AD3d at 751; Schwartz v Schwartz, 70 AD3d 923 [2010]).
 

 The father’s remaining contention is without merit.
 

 Mastro, J.P, Hall, Sgroi and Duffy, JJ., concur.