Matter of Ali v Abrams (2018 NY Slip Op 01049)





Matter of Ali v Abrams


2018 NY Slip Op 01049


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09251
 (Docket No. V-20920-06)

[*1]In the Matter of Tahira Ali, respondent, 
v
Gregory Abrams, appellant.


Dewette C. Aughtry, Brooklyn, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated July 11, 2016. The order, insofar as appealed from, upon a decision dated July 20, 2016, made after a hearing, granted the mother's petition to modify an order of visitation dated November 16, 2006, so as to permit her to relocate with the parties' child to Texas. The notice of appeal from the decision is deemed to be a notice of appeal from the order dated July 11, 2016 (see CPLR 5512[a]).
ORDERED that the order dated July 11, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are not married and never lived together, had a child together in 2004. The child always lived with the mother. On November 16, 2006, the Family Court issued an order of visitation awarding the father daytime visits with the child once a week and on certain holidays.
In 2013, the mother, who never sought an order of custody of the child, filed a petition to modify the order of visitation so as to permit her to relocate to Texas with the child. Following a hearing, the Family Court granted the mother's petition. The father appeals.
A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741; Matter of Reyes v Gill, 155 AD3d 1044). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d at 740). These factors include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving [*2]the relationship between the noncustodial parent and child through suitable visitation arrangements" (id. at 740-741; see Matter of Teel v Minus, 152 AD3d 705). "In reviewing the Family Court's determination, we accord considerable deference to the court's assessment of the witnesses' demeanor and credibility" (Matter of Hall v Clas, 144 AD3d 801, 802 [internal quotation marks omitted]; see Matter of Ventura v Huggins, 141 AD3d 600, 601). The court's determination as to the relocation of a child must be supported by a sound and substantial basis in the record (see Matter of Reyes v Gill, 155 AD3d 1044; Matter of Teel v Minus, 152 AD3d at 705-706).
Here, the mother established by a preponderance of the evidence that the relocation to Texas was in the child's best interests. She demonstrated that the child's life will be enhanced economically and emotionally by the move and that it was feasible to preserve the child's relationship with the father through suitable visitation arrangements (see Matter of Packer v Ferrante, 139 AD3d 957, 958; Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 935; Matter of Tracy A.G. v Undine J., 105 AD3d 1046, 1047; Tsui v Tsui, 99 AD3d 793; Matter of Harrsch v Jesser, 74 AD3d 811, 812). Although the relocation will have an impact on the father's ability to spend time with the child, a liberal visitation schedule, including extended visits during the summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the child (see Matter of Rivera v Cruz, 143 AD3d 902, 903; Matter of Packer v Ferrante, 139 AD3d at 958; Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d at 935). Additionally, the mother has been the primary caretaker of the child, who was nearly 12 years old at the time of the hearing, for his entire life, and he expressed a desire to relocate with her (see Matter of Turvin v D'Agostino, 152 AD3d 610, 611-162; Matter of Ceballos v Leon, 134 AD3d 931, 932). Accordingly, the Family Court's determination to allow the mother to relocate to Texas has a sound and substantial basis in the record.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court