Matter of Dianna P. v Damon B.-D. (2018 NY Slip Op 06788)





Matter of Dianna P. v Damon B.-D.


2018 NY Slip Op 06788


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7279

[*1]In re Dianna P., Petitioner-Respondent,
v
Damon B.-D., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), attorney for the child.



Order, Family Court, New York County (Stephanie Schwartz, Referee), entered on or about August 29, 2017, which granted the petition to relocate with the parties' child to Georgia, and awarded petitioner sole legal and physical custody of the child, unanimously affirmed, without costs.
The record supports the court's determination that permitting petitioner to relocate with the child to Georgia and awarding her sole legal and physical custody of him is in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 739, 740-741 [1996]). Petitioner "demonstrated that the move would enhance the child's life economically, socially, and educationally" (Matter of Aruty v Mormando, 70 AD3d 683, 683 [2d Dept 2010], citing Matter of Tropea, 87 NY2d at 740-741; see also Aziz v Aziz, 8 AD3d 596 [2d Dept 2004], lv dismissed 7 NY3d 739 [2006]).
Petitioner is the sole source of financial support for the child, since respondent has failed to pay child support for several years. While she has been unable, despite an ongoing job search, to find full-time work in her field and has been unable to make ends meet for herself and the child, petitioner has obtained a full-time position in Georgia as a sous-chef, with an enhanced opportunity to pursue private clients (see Matter of Melissa Marie G. v John Christopher W., 73 AD3d 658 [1st Dept 2010]; see also Matter of Kevin McK. v Elizabeth A.E., 111 AD3d 124 [1st Dept 2013]).
Petitioner's testimony shows that she is better able than respondent to provide a consistent and stable home environment for the child; she has primarily cared for the child since birth and has attended to all his educational and medical needs (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Parrish P. v Camille G., 140 AD3d 586 [1st Dept 2016]). In Atlanta, where she intends to live, she also has a support system within her extended family (see Melissa Marie G., 73 AD3d 658). Moreover, the school that the child would attend offers the extra-curricular arts programs that he is interested in and a nearby after-school program.
We note that the attorney for the child has consistently supported the relocation.
Contrary to respondent's contention, the court properly considered the potential impact of the relocation on respondent's relationship with the child. While the relocation will result in the loss of respondent's weekend parenting time, the visitation schedule set by the court will allow [*2]respondent to continue to have a meaningful relationship with the child.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK