Matter of Banks v DeLeon (2019 NY Slip Op 05527)





Matter of Banks v DeLeon


2019 NY Slip Op 05527


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04265
 (Docket Nos. V-14980-10/17F, V-16798/10/17B)

[*1]In the Matter of Priscilla Rivera Banks, respondent,
v
Anthony DeLeon, appellant.


Carol Carozza, New Rochelle, NY, for appellant.
Steven Ranellone, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), entered March 15, 2018. The order, after a hearing, inter alia, granted the mother's petition to modify a prior order of the same court (MaryAnne Scattaretico-Naber, J.), entered July 25, 2011, so as to permit the subject child to relocate with her to Ohio, and denied the father's petition to modify the order entered July 25, 2011, so as to award him sole custody of the child.
ORDERED that the order entered March 15, 2018, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of the subject child, born in 2008. Pursuant to an order entered July 25, 2011, upon the parties' consent, the parties had joint legal custody of the child, with primary physical custody to the mother and frequent parental access to the father. In November 2014, the mother moved to Ohio with her husband, at which point the child began residing with the father in a one-bedroom apartment that the father shared with the child's paternal grandmother. In January 2017, the mother petitioned to modify the order entered July 25, 2011, so as to permit the child to relocate to Ohio. Thereafter, the father petitioned to modify that order so as to award him sole legal and physical custody of the child. After a hearing, the Family Court granted the mother's petition, denied the father's petition, and set forth a parental
access schedule. The father appeals.
"To warrant modification of an existing court-sanctioned custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Cisse v Graham, 120 AD3d 801, 801, affd 26 NY3d 1103; see Family Ct Act § 652[a]). Similarly, a "parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Quinn v Quinn, 134 AD3d 688, 689; see Matter of Francis-Miller v Miller, 111 AD3d 632, 635). In determining whether relocation is appropriate, the court must consider a number of factors including "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "Since custody determinations depend in large part on the trial court's assessment [*2]of the character and credibility of the parties and witnesses, that court's credibility findings are generally accorded deference, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Dennis v Davis-Schloemer, 167 AD3d 738, 739; see Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Lyons v Sepe, 163 AD3d 567, 568).
Here, contrary to the father's contentions, the Family Court's determination that the child's best interests would be served by relocating to Ohio is supported by a sound and substantial basis in the record. The evidence demonstrated that although the mother moved to Ohio three years before filing her petition to modify the order entered July 25, 2011, she regularly visited the child and spoke to the child daily. The mother's testimony, which the court credited, demonstrated that relocation would enhance the child's life economically, emotionally, and educationally (see Matter of Boyd v Ivory, 160 AD3d 718, 719; Matter of Ali v Abrams, 158 AD3d 674, 675). While the evidence showed that both parents love the child, the mother was better suited to provide for the child's overall well-being. The evidence demonstrated that the father's home lacked stability and structure, and that the child experienced excessive school absences and tardiness during the period that she was in the father's care. Additionally, the child, who was nearly 10 years old at the time of the hearing, expressed a desire to relocate to Ohio with the mother (see Matter of Turvin v D'Agostino, 152 AD3d 610, 611-612; Matter of Ceballos v Leon, 134 AD3d 931, 932). Although relocation will have an inevitable impact on the father's ability to spend time with the child, the court fashioned a liberal parental access schedule that included extended summer visits and visits during school vacations, which will allow for the continuation of a meaningful relationship between the father and the child (see Matter of Dockery v Reid-O'Garro, 161 AD3d 1147, 1148-1149).
Accordingly, the determination of the Family Court has a sound and substantial basis in the record, and will not be disturbed.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court