Matter of David v LoPresti (2019 NY Slip Op 07066)





Matter of David v LoPresti


2019 NY Slip Op 07066


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2018-10206
 (Docket No. V-8338-18/18A)

[*1]In the Matter of Julia David, appellant,
v
Philip LoPresti, respondent.


The Law Office of Tamara M. Harris PLLC, New York, NY, for appellant.
Jason M. Barbara, New Hyde Park, NY (Penny JG Berger of counsel), for respondent.
Catherine S. Bridge, Staten Island, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated July 24, 2018. The order, in effect, after a hearing, denied the mother's petition to modify a stipulation of custody and visitation dated May 24, 2013, which was incorporated but not merged into the parties' judgment of divorce, so as to allow her to temporarily relocate with the parties' child, and awarded physical custody of the child to the father and parental access to the mother.
ORDERED that the order is reversed, on the law, with costs, the mother's petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a new hearing on the mother's petition, before a different Court Attorney Referee, to be conducted with all deliberate speed, and a new determination thereafter; and it is further,
ORDERED that pending the new hearing and determination of the petition, temporary physical custody of the child shall be with the father unless the mother relocates to New York prior to the new hearing and determination of her petition, in which case the stipulation of custody and visitation dated May 24, 2013, incorporated but not merged into the parties' judgment of divorce, shall govern; and it is further,
ORDERED that pending the new hearing and determination of the mother's petition, the mother shall have reasonable parental access with the child, including parental access in Louisiana as agreed to by the parties or as directed by the Family Court, Queens County.
The mother and the father were divorced in 2015 and have one child, born in 2008. Pursuant to a stipulation of custody and visitation dated May 24, 2013 (hereinafter the 2013 stipulation), incorporated but not merged into the parties' judgment of divorce, the parties agreed to joint legal custody of the child with the mother having primary physical custody. In 2018, the mother moved to modify the 2013 stipulation so as to allow her to temporarily relocate with the child from Queens, New York, to New Orleans, Louisiana, for a period of two years, while she completed a fellowship program at Tulane University School of Medicine. Since the mother's fellowship [*2]commenced prior to the hearing on the petition, she was constrained to move to Louisiana without the child, and the child stayed with the father in New York.
The father opposed the mother's petition, and filed a cross petition to modify the 2013 stipulation so as to award him physical custody of the child. The father subsequently withdrew his cross petition for physical custody following the close of evidence on the mother's relocation petition. Following the hearing, by order dated July 24, 2018, the Family Court, in effect, denied the mother's petition to modify the 2013 stipulation so as to allow her to relocate with the child, and awarded physical custody of the child to the father and parental access to the mother. The mother appeals.
When reviewing a custodial parent's request to relocate, the court must consider "all the relevant facts and circumstances[,] with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (Matter of Tropea v Tropea, 87 NY2d 727, 739). "While not necessarily determinative, the child's expressed preference is some indication of what is in his or her best interests and, in weighing that factor, a court must consider the age and maturity of the child" (Matter of Turvin v D'Agostino, 152 AD3d 610, 611; see Matter of Ceballos v Leon, 134 AD3d 931, 932; Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117). In relocation proceedings, the authority of this Court is as broad as that of the hearing court, and a relocation determination will not stand if it is not supported by a sound and substantial basis in the record (see Matter of Ceballos v Leon, 134 AD3d at 932).
Here, the record is insufficient to allow us to make a fully informed determination as to whether relocation was in the child's best interests (see Matter of Stramezzi v Scozzari, 106 AD3d 748, 750). Throughout the course of the proceedings on the petition, the attorney for the child failed to advise the Family Court of, much less advocate for, the position of the then 10-year-old child. The Rules of the Chief Judge (22 NYCRR 7.2[d]) require that, except in certain proceedings not relevant here, the attorney for the child "zealously advocate the child's position." Indeed, "[i]n establishing a system for providing legal representation to children, the Family [Court] Act identifies, as one of the primary obligations of the attorney for the child, helping the child articulate his or her position to the court" (Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093; see Family Ct Act § 241). Moreover, despite the fact that it was not made aware of the child's position through the attorney for the child, the court did not meet in camera with the child to aid it in determining her best interests (see Matter of Lincoln v Lincoln, 24 NY2d 270, 273-274; Matter of Stramezzi v Scozzari, 106 AD3d at 750).
Under the circumstances of this case, including that the mother was the child's primary caregiver since birth and that the relocation was temporary, the denial of the petition absent any indication of the child's preferences is not supported by a sound and substantial basis in the record, and the record is insufficient to enable this Court to make its own determination of the petition (see Matter of Stramezzi v Scozzari, 106 AD3d at 750). Additionally, the mother was improperly prevented by the Court Attorney Referee from presenting evidence on her petition relevant to, inter alia, the mother's reasons for seeking the move and the impact the move would have on the child economically and educationally (see generally Matter of Tropea v Tropea, 87 NY2d at 740-741). Accordingly, a de novo hearing on the petition is necessary.
The Family Court further erred in awarding the father permanent physical custody of the child, as the mother's petition was for permission to relocate temporarily, and the father withdrew his cross petition for physical custody. Thus, there was no request pending before the court for a permanent change of custody, nor was there a showing that such a permanent change of custody would be in the child's best interests.
Accordingly, we remit the matter to the Family Court, Queens County, for a new hearing and determination of the mother's petition, during which proceedings the child's preferences should be ascertained and accorded appropriate weight. In addition, in light of intemperate remarks made during the hearing by the Court Attorney Referee, we deem it appropriate to remit the matter for further proceedings before a different Court Attorney Referee (see Matter of Secaira v Caluna, [*3]159 AD3d 826, 827).
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court