Matter of Masiello v Milano (2020 NY Slip Op 00863)





Matter of Masiello v Milano


2020 NY Slip Op 00863


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2019-01886
 (Docket Nos. V-2578-18/18B, V-2579-18/18B, V-2578-18/18C, V-2579-18/18C)

[*1]In the Matter of Danielle Masiello, appellant,
v
Louis Milano, respondent. (Proceeding No. 1.)
In the Matter of Louis Milano, respondent,
v
Danielle Masiello, appellant. (Proceeding No. 2.)


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
The Law Office of Kelley M. Enderley, P.C., Poughkeepsie, NY, for respondent.
Pat Bonanno, White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated January 17, 2019. The order, after a hearing, denied the mother's petition, in effect, to modify the parties' stipulation of settlement dated May 2, 2014, so as to permit the parties' children to relocate to South Carolina to live with her, and granted the father's petition, in effect, to modify the stipulation of settlement dated May 2, 2014, so as to award him sole physical custody of the children.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition, in effect, to modify the stipulation of settlement dated May 2, 2014, so as to permit the parties' children to relocate to South Carolina to live with her is granted, the father's petition, in effect, to modify the stipulation of settlement dated May 2, 2014, so as to award him sole physical custody of the children is denied, and the matter is remitted to the Family Court, Dutchess County, to establish an appropriate parental access schedule for the father.
The parties were married in 2006 and are the parents of two children, who are now 11 and 10 years old. In a stipulation of settlement dated May 2, 2014 (hereinafter the stipulation), which was incorporated but not merged into the parties' judgment of divorce dated May 27, 2014, the parties agreed to joint legal custody of the children, with the mother having physical custody. In 2018, the mother, who was moving to South Carolina, filed a petition, in effect, to modify the stipulation so as to permit the children to relocate to South Carolina to live with her. The father opposed the mother's petition and filed a petition, in effect, to modify the stipulation so as to award him sole physical custody of the children. The attorney for the children supported the mother's petition. On August 9, 2018, the Family Court issued a temporary order awarding physical custody [*2]of the children to the father. After a hearing and in camera interviews with the children, the court denied the mother's petition and granted the father's petition. The mother appeals.
" A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Hall v Clas, 144 AD3d 801, 802, quoting Matter of Ventura v Huggins, 141 AD3d 600, 600 [internal quotation marks omitted]). "In determining whether relocation is appropriate, each request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child'" (Matter of Estevez v Perez, 123 AD3d 707, 708, quoting Matter of Tropea v Tropea, 87 NY2d 727, 739; see Matter of Rizvi v Shah, 126 AD3d 984, 984). "[T]he court must consider a number of factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential economic, emotional, and educational enhancement to the lives of the custodial parent and the child due to the move, and each parent's motives for seeking or opposing the move" (Matter of Barker v Rohack, 173 AD3d 1173, 1174 [internal quotation marks omitted]; see Matter of Tropea v Tropea, 87 NY2d at 740-741). "The weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved," and "deference is accorded to the Family Court's findings in this regard" (Matter of Feery v Feury, 168 AD3d 729, 730; see Eschbach v Eschbach, 56 NY2d 167, 173-174). Nevertheless, in relocation proceedings, the authority of this Court is as broad as that of the hearing court, and a relocation determination will not stand if it is not supported by a sound and substantial basis in the record (see Matter of David v LoPresti, 176 AD3d 701; Matter of Ceballos v Leon, 134 AD3d 931, 932).
Here, the Family Court's determination that the children's best interests would not be served by relocating to South Carolina to live with the mother is not supported by a sound and substantial basis in the record. The record demonstrates that, although both parties are loving and fit parents, the mother had been the primary caregiver for the children up until August 2018, when the court issued the temporary order awarding the father physical custody of the children, and that the children, who were 9 and 10 years old at the time of the hearing, had established a primary emotional attachment to the mother and expressed their desire to relocate to South Carolina to live with her. While a child's expressed preference in a custody proceeding is not determinative, it is some indication of what is in the child's best interests, particularly where the interview demonstrates the child's level of maturity and ability to articulate his or her preferences (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Hall v Hall, 118 AD3d 879, 882-883; Matter of Winston v Gates, 64 AD3d 815, 818). In addition, contrary to the court's conclusion, the mother's uncontradicted testimony demonstrated that she was diagnosed with multiple sclerosis in 2015, and that she had support from the maternal grandmother and extended family in South Carolina, which she did not have in New York. The mother's testimony also demonstrated that the requested relocation would provide an opportunity to improve her economic situation inasmuch as she was gainfully employed in South Carolina, that she was residing with the maternal grandmother, with whom the children would also live, and that her living expenses were reduced. The evidence further demonstrated that the mother would foster a positive relationship between the father and the children. Although the relocation will have an impact on the father's ability to spend time with the children, a liberal parental access schedule, including extended visits during the summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the children.
Upon weighing the relevant factors, we find that the mother established that the best interests of the children would be served by permitting them to relocate to South Carolina to live with her (see Matter of Turvin v D'Agostino, 152 AD3d 610, 612; Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 935; Matter of Ceballos v Leon, 134 AD3d at 932; Matter of Hall v Hall, 118 AD3d at 881-883). Accordingly, the Family Court should have granted the mother's petition, in effect, to modify the stipulation so as to permit the children to relocate to South Carolina to live with her, and denied the father's petition, in effect, to modify the stipulation so as to award him sole physical custody of the children.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court